## Kramer v. Kramer

*William A. Steckel,* for plaintiff.
*John P. Karoly, Jr.,* for defendant.

DIEFENDERFER, *J.*, April 1, 1981—This case is before the court upon a rule to show cause why this court's order of August 8, 1980, should not be vacated. Argument was heard on November 12, 1980.

Plaintiff and defendant were divorced by proceedings in the State of Delaware, a part of which proceedings included a voluntary agreement approved by the Delaware court. Said agreement stated that in the event of a default in any of the terms of the agreement, it may be enforced in the Delaware court or any other court which may, at the time, have jurisdiction over the parties. Defendant made payments for a period of time but was in default at the time when the 39 specific payments should have been completed, specifically in the amount of $3,750.00 in principal payments. Plaintiff, a Lehigh County resident, brought the proceedings in Lehigh County and procured personal service on defendant who lives in New Jersey, but is employed in Lehigh County.

On July 11, 1980 plaintiff filed with the court a "Petition and Rule to Show cause why a Foreign Decree for the Payment of Alimony should not be Registered and Adopted and Defendant's Wages Attached to Secure Payment thereof." Defendant was personally served on July 14, 1980 by Lehigh County Sheriff. When no answer was filed in 20 days, plaintiff petitioned the court for the entry of an order which the court signed decreeing that the orders from Delaware are registered and adopted as the decree of this court and further proceedings may be had thereon. The orders from Delaware were the final decree in divorce, a property settlement agreement and a stipulated order.

On the same day and upon petition of plaintiff, a second order was entered to enforce a foreign decree for the payment of alimony under Act 26, 1980, section 506, wherein the defendant's employer was directed to file with the local clerk of courts information concerning defendant's wages and salary and set up a hearing on the matter for September 5, 1980.

On September 5, 1980 no hearing was held and the court issued a further order staying the order of August 8, 1980 requiring the attachment of defendant's wages and issued a rule upon plaintiff to show cause why that order should not be vacated. This is the order now before the court for disposition.

The issue is whether this foreign decree qualifies under the new Divorce Code, April 2, 1980 P.L. 63 23 P.S. §101 et seq., and as such, can use section 506 to attach defendant's wages and salary. Section 103 of the Divorce Code provides, in pertinent part:

"The provisions of this act, so far as they are the same as those of existing laws, are intended as a

continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act . . . The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act. This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto."

This act was approved April 2, 1980, effective in 90 days.

In this case the parties' divorce decree was entered in Delaware in 1975, along with a stipulated order and property settlement agreement. These papers provided the basis for the alimony payments to be paid to plaintiff, along with the amount and duration of these payments, namely, $300 per month for 39 months. After the 39 months had passed, defendant was in arrears a total of $3,750 in principal payments and, thus, plaintiff brought this action. The decree was accepted and registered by the Pennsylvania Courts. Under a literal reading of section 103 of the Divorce Code, it would appear the action was barred from proceeding under the provisions of the Divorce Code. This court, however feels the purpose of this provision under section 103 is to prevent the creation of new substantive rights in parties that were divorced under the old Pennsylvania Divorce Code. The legislature, certainly, did not wish to allow people already divorced to come back under the new code to seek alimony or equitable distribution or any other new substantive rights. In our case plaintiff is already entitled to the alimony under the Delaware decree, so she is not attempting to obtain any new substantive rights. Plaintiff is only seeking to use the procedures under the Divorce Code to obtain what is rightfully hers,

namely, the arrears defendant owes her. The decree of a sister state should be enforced when it does not interfere with any substantive consideration in Pennsylvania. By allowing plaintiff access to the procedures established in the Divorce Code, the court in no way frustrates the legislative intent evidenced by section 103 and does not create a new substantive right.

## ORDER

Now, April 1, 1981, for the reasons stated in the attached opinion, defendant's rule to show cause petition is hereby denied; it is hereby ordered that this court's order of August 8, 1980 shall not be enforceable until after full hearing to determine the amount of wages to be attached for said arrearages. Hearing in this matter to determine the amount of wages which may be withheld, shall be scheduled for May 11, 1981, at 9:00 A.M. in Room 403 of the Lehigh County Courthouse, Allentown, Pa.